ANNETTE KINGSLAND ZIEGLER, J.
¶ 62. (concurring). I join Justice Roggensack's concurrence because I believe that the "assurance of judicial integrity" is not a stand-alone basis for suppressing evidence under the exclusionary rule. Although the case at issue centers on the Fourth Amendment, I write to clarify that the exclusionary rule can apply to violations of constitutional provisions other than the Fourth Amendment.[1] The exclusionary rule requires suppression of evidence that was obtained in violation of the Constitution, unless suppression would not deter police misconduct or the error in admitting the evidence was harmless beyond a reasonable doubt. United States v. Leon, 468 U.S. 897, 906, 916 (1984); Arizona v. Fulminante, 499 U.S. 279, 309-12 (1991); Chapman v. California, 386 U.S. 18, 21-22 (1967); State v. Armstrong, 223 Wis. 2d 331, 368, 588 N.W.2d 606 (1999).
¶ 63. Because this is a Fourth Amendment case, the majority opinion's discussion of the exclusionary rule focuses on that constitutional provision. Specifically, the majority opinion states that, "[t]he [United States Supreme Court] first applied the exclusionary rule to protect against violations of Fourth Amendment rights in Weeks v. United States, 232 U.S. 383 (1914). Under the exclusionary rule, evidence obtained *318 in violation of the Fourth Amendment is generally inadmissible in court proceedings." Majority op., ¶ 20 (citation omitted). Similarly, this court has previously discussed the origins of the exclusionary rule as it relates to the Fourth Amendment because the focus of the case was the Fourth Amendment. See State v. Hess, 2010 WI 82, ¶¶ 38-52, 327 Wis. 2d 524, 785 N.W.2d 568 (explaining the history of the Fourth Amendment exclusionary rule in federal courts and Wisconsin). I write to clarify that the history of the exclusionary rule is not limited to Fourth Amendment violations — it applies to other constitutional violations as well.
¶ 64. The Supreme Court created the exclusionary rule to deter constitutional violations, but did not limit the exclusionary rule to the Fourth Amendment right against unreasonable searches and seizures. The exclusionary rule, if warranted, results in the suppression of evidence so that it may not be introduced to prove a defendant's guilt in the prosecution's case-in-chief. See Leon, 468 U.S. at 906, 916. The exclusionary rule, for example, may apply to deter violations of the Fourth Amendment,[2] Fifth Amendment,[3] or Sixth Amendment.[4]
¶ 65. The origins of the exclusionary rule further demonstrate that it was designed to apply to evidence *319 obtained in violation of constitutional provisions beyond the Fourth Amendment. The United States Supreme Court applied the exclusionary rule for the first time in Boyd v. United States, 116 U.S. 616 (1886). See Christopher Slobogin, The Exclusionary Rule: Is It on Its Way Out? Should It Be?, 10 Ohio St. J. Crim. L. 341, 343-44 (2013). In Boyd the Supreme Court held that the evidence at issue was inadmissible because it was obtained in violation of the Fourth and Fifth Amendments. Boyd, 116 U.S. at 621-22, 633-35, 638. Ten years later, the Supreme Court held that the exclusionary rule applied, in federal criminal cases, to confessions obtained in violation of the Fifth Amendment. Wilson v. United States, 162 U.S. 613, 623 (1896); see also Bram v. United States, 168 U.S. 532, 542, 548 (1897). Nearly 20 years later, in 1914, the Supreme Court held for the first time that the exclusionary rule applied, in federal criminal cases, to evidence obtained in violation of the Fourth Amendment. Weeks v. United States, 232 U.S. 383, 398 (1914), overruled on other grounds by Mapp v. Ohio, 367 U.S. 643 (1961); see also Mapp, 367 U.S. at 648 (explaining that Weeks was the first case in which the Supreme Court "held that 'in a federal prosecution the Fourth Amendment barred the use of evidence secured through an illegal search and seizure'" (quoted source omitted)). Thus, the Fourth Amendment was not the only driving force behind the Supreme Court's adoption of the exclusionary rule, which occurred decades before Weeks.
I 66. Furthermore, the exclusionary rule does not always require suppression of evidence, even if it was obtained through unconstitutional means. In fact, the exclusionary rule does not apply when suppression would not deter police misconduct. Davis v. United States, 564 U.S. _, 131 S. Ct. 2419, 2426-28 (2011); *320 State v. Dearborn, 2010 WI 84, ¶ 35, 327 Wis. 2d 252, 786 N.W.2d 97. For example, evidence may not be suppressed under the good faith exception[5] because suppression would not serve the exclusionary rule's purpose of deterring police misconduct. Evidence obtained after a constitutional violation may otherwise be admissible if the discovery of the evidence was sufficiently attenuated from the police misconduct,[6] the evidence was discovered through a source independent from the police misconduct,[7] or the evidence would have been inevitably discovered through lawful means.[8] In addition, evidence that is suppressed because of a constitutional violation may nonetheless be admitted for certain purposes. For example, suppressed evidence may be used collaterally for impeachment purposes, outside of the prosecution's case-in-chief.[9]
*321 ¶ 67. Some potential confusion surrounding the exclusionary rule could stem from the fact that evidence may be properly excluded for a variety of reasons. But the mere fact that evidence is being excluded does not mean that it is excluded under the exclusionary rule. "There are judicially created exclusionary rules and legislatively created exclusionary rules. There are constitutional exclusionary rules and statutory exclusionary rules." Sun Kin Chan v. State, 552 A.2d 1351, 1355 (Md. Ct. Spec. App. 1989). A careful reader will keep in mind that courts may inaccurately refer to "the exclusionary rule" when a constitutional violation is not the basis for exclusion. Cf. Oregon v. Elstad, 470 U.S. 298, 306-08 (1985) (explaining the differences between the "Fourth Amendment exclusionary rule" and the "Miranda[10] exclusionary rule"). Because the Fourth Amendment is at issue in the present case, the majority opinion's discussion of the exclusionary rule focuses on the Fourth Amendment.
¶ 68. With the foregoing clarification, I join Justice Roggensack's concurrence, and I concur.
*322 | 69. I am authorized to state that Justices N. PATRICK CROOKS and MICHAEL J. GABLEMAN join this concurrence.

 Because this case involves a discussion of the exclusionary rule, I do not address circumstances unrelated to constitutional violations, which may otherwise warrant the exclusion of evidence.

 Weeks v. United States, 232 U.S. 383, 398 (1914), overruled on other grounds by Mapp v. Ohio, 367 U.S. 643 (1961); State v. Tye, 2001 WI 124, ¶ 24, 248 Wis. 2d 530, 636 N.W.2d 473.

 Blackburn v. Alabama, 361 U.S. 199, 205 (1960); Bram v. United States, 168 U.S. 532, 542, 548 (1897); Rudolph v. State, 78 Wis. 2d 435, 441-42, 254 N.W.2d 471 (1977).

 United States v. Wade, 388 U.S. 218, 237-39 (1967); Massiah v. United States, 377 U.S. 201, 203-04, 206-07 (1964); State v. McMorris, 213 Wis. 2d 156, 178, 570 N.W.2d 384 (1997).

 United States v. Leon, 468 U.S. 897, 922-25 (1984); State v. Dearborn, 2010 WI 84, ¶¶ 35-49, 327 Wis. 2d 252, 786 N.W.2d 97; State v. Eason, 2001 WI 98, ¶ 3, 245 Wis. 2d 206, 629 N.W.2d 625.

 Brown v. Illinois, 422 U.S. 590, 603-04 (1975); Wong Sun v. United States, 371 U.S. 471, 488 (1963); State v. Phillips, 218 Wis. 2d 180, 204-06, 577 N.W.2d 794 (1998).

 Murray v. United States, 487 U.S. 533, 537 (1988); Nix v. Williams, 467 U.S. 431, 443 (1984); State v. Carroll, 2010 WI 8, ¶¶ 43-55, 322 Wis. 2d 299, 778 N.W.2d 1.

 Murray, 487 U.S. at 539; Nix, 467 U.S. at 446-50; State v. Weber, 163 Wis. 2d 116, 140-44, 471 N.W.2d 187 (1991); State v. Schwegler, 170 Wis. 2d 487, 499-500, 490 N.W.2d 292 (Ct. App. 1992).

 Kansas v. Ventris, 556 U.S. 586, 593-94 (2009) (holding that defendant's statement obtained in violation of Sixth Amendment right to counsel was inadmissible to prove guilt but admissible to impeach defendant's inconsistent testimony); State v. Pickett, 150 Wis. 2d 720, 727-30, 442 N.W.2d 509 (Ct. *321 App. 1989) (same); United States v. Havens, 446 U.S. 620, 627—28 (1980) (holding that evidence obtained in violation of Fourth Amendment was inadmissible to prove guilt but admissible to impeach defendant's inconsistent testimony); State v. Thompson, 142 Wis. 2d 821, 833 & n.8, 419 N.W.2d 564 (Ct. App. 1987) (same); Oregon v. Hass, 420 U.S. 714, 722-24 (1975) (holding that defendant's statement made without warnings required by Miranda v. Arizona, 384 U.S. 436 (1966), was inadmissible to prove guilt but admissible to impeach defendant's inconsistent testimony); State v. Mendoza, 96 Wis. 2d 106, 118-19, 291 N.W.2d 478 (1980) (same).

 Miranda v. Arizona, 384 U.S. 436 (1966).